Per Curiam.

Plaintiff and defendant, two corporate entities, dealing at arm’s length through officers and agents (presumably well advised, alert, knowledgeable businessmen) negotiated a written contract which by its terms required plaintiff to purchase a defendant-specified, sophisticated billing machine from a defendant-designated seller of such machines and lease it to defendant for five years and five months at a fixed monthly rental of $274.20 to be paid by defendant, with the option to defendant of renewing the lease at its expiration for a nominal *900 yearly rental of $274.20, the same amount as the monthly rental eluting the term. Plaintiff performed all things on its part to be performed and defendant, in full possession and use of the billing machine, regularly paid the monthly rental installments for three years when it defaulted, claiming the machine to have become inoperable.
Plaintiff’s action for the rental due for the balance of the term was met with so-called counterclaims and defenses depending for their validity on proof that the transaction was a sale of goods and plaintiff was a merchant dealing in such machines so that the provisions of article 2 of the Uniform Commercial Code, relating to sales, governed the transaction.
Defendant not only failed to adduce sufficient evidence to sustain its so-called counterclaims and defenses, but the express language of the written agreement contradicts any implication that plaintiff was a “ merchant [dealing] in goods of the kind ” within the meaning of section 2-104 of the Uniform Commercial Code when it says at paragraph 3, “lessee requests lessor to purchase the equipment from a seller and arrange for delivery which shall be deemed complete upon arrival at Lessee’s premises ” (emphasis supplied). Defendant’s selection of the specified machine was prompted by the recommendation of a friend, in no way connected with plaintiff or the manufacturer. A representative of the manufacturer or merchant dealing in these machines was consulted by defendant’s president before entering into the leasing agreement with plaintiff.
A proper construction of the written leasing agreement must find it to be a “title retention contract and lease * * * intended as security” within the meaning of subdivision (2) of section 9-102 of the Uniform Commercial Code, designed to afford defendant the advantage of having the possession and use of its own free choice of a particular machine throughout its usable expectancy, by means of long-term installment payments of $274.20 per month without the large, initial outlay of $13,710 necessary to outright purchase.
Subdivision (37) of section 1-201 of the Uniform Commercial Code defines “ security interest ” as “an interest in personal property * * * which secures payment * * * of an obligation.” And goes on to say “ whether a lease is intended as security is to be determined by the facts of each case; however * * * an agreement that upon compliance with the terms of the lease the lessee * * * has the option to become the owner of the property * * * for a nominal consideration does make the lease one intended for security. ’ ’
*901 The lease in this case, as has been noted above, provided the defendant with an option to renew for a trifling yearly rental which for all practical purposes amounts to making defendant owner of the machine at the end of the lease for a nominal consideration until total obsolescence.
Article 2 of the Uniform Commercial Code (Sales), at section 2-102, expressly excludes from the application of its provisions (Uniform Commercial Code, § 2-101 to and including § 2-725) “ any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction ”.
The case of Hertz Commercial Leasing Corp. v. Transportation Credit Clearing House (64 Misc 2d 910) relied on in the dissent, in reversing the result at the Civil Court (59 Misc 2d 226) implicitly rejected the proposition that leases of personal property, similar to the one here in suit, are necessarily or invariably subject to the provisions of article 2 of the Uniform Commercial Code (Sales) and inferentially reiterated the statutory criteria that “ whether a lease is intended as security is to be determined by the facts of each case ” (Uniform Commercial Code, § 1-201, subd. [37]). In that case, because of the defendant’s failure of proof, as here, this court in reversing the denial of plaintiff’s motion for summary judgment, granted judgment for the plaintiff lessor for the amount of lease-installment payments in default.
Whether or not defendant was subrogated to plaintiff’s right of action against the seller of the machine for breach of warranties (undisclosed to defendant) and, under principles of restitution (50 N. Y. Jur., Restitution, § 1 et seq.), is entitled to recover from plaintiff such damages, if any, as plaintiff may have claimed or received by attribution of defendant’s loss or injury to plaintiff’s right of recovery, are issues which were neither pleaded nor proved, hence are not a proper subject of review on this appeal.
The judgment should be affirmed with $25 costs to respondent.